UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Shealy*
DEPUTY CLERK

IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALESPRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)

MDL No. 2502

**FILED**
Feb 21, 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action (*Christopher*) pending in the Middle District of Louisiana moves to centralize this litigation in the District of South Carolina. The litigation encompasses the 56 actions listed on Schedule A.[1]

All responding plaintiffs support centralization, but they disagree about the appropriate transferee district. A majority of plaintiffs support selection of the District of South Carolina; certain other plaintiffs suggest the Northern District of Alabama, the Southern District of Illinois, the Southern District of Mississippi, or the Eastern District of Pennsylvania. Common defendant Pfizer Inc. (Pfizer) opposes centralization. At oral argument, Pfizer's counsel stated that Pfizer was amenable to centralization in the District of South Carolina, if an MDL was created over its objections.

I.

The complaints in these 56 personal injury actions are highly similar. Plaintiffs allege that they have developed type 2 diabetes as a result of taking Pfizer's cholesterol-lowering drug Lipitor. They contend that Pfizer failed to warn physicians and consumers adequately of the risk of developing type 2 diabetes from taking Lipitor, knew or should have know that the risks of Lipitor included developing diabetes, and negligently, recklessly, and/or carelessly marketed Lipitor without adequate instructions or warnings.[2]

---

[*] Judge Paul J. Barbadoro and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has been informed of over 170 additional related federal actions pending in more than 40 districts.

[2] In February 2012, the following additional language was added to the Lipitor label: "Increases in HbA1c and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including Lipitor." In its Safety Announcement describing the 2012 label change, the FDA stated: "Information about the potential for generally non-serious and reversible cognitive side effects (memory loss, confusion, etc.) and reports of increased blood sugar and glycosylated hemoglobin (HbA1c) levels has been added to the statin labels. FDA continues to believe that the cardiovascular

(continued...)

- 2 -

This litigation is before us for a second time. At our July 2013 hearing session, we denied a motion for centralization brought by plaintiffs in three District of South Carolina actions (all of which are also included in the present motion). *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, — F. Supp. 2d —, 2013 WL 4048505 (J.P.M.L. Aug. 8, 2013) (*Lipitor I*). The motion encompassed five constituent actions and 24 potential tag-along actions pending in a total of thirteen districts. As now, Pfizer opposed centralization.

In *Lipitor I*, we said that centralization was not warranted because almost half of the then-pending actions were pending in just one district (the District of South Carolina), many of the actions involved common plaintiffs' counsel, the South Carolina actions were already being coordinated before one judge, and Pfizer represented that it was willing to work with plaintiffs' counsel in the non-South Carolina cases to coordinate common discovery and other pretrial matters. *Id*. at *1. Although plaintiffs suggested that the number of Lipitor actions was likely to expand considerably, we were "disinclined to take into account the mere possibility of future filings in our centralization calculus." *Id*.

II.

In this new motion,[3] plaintiffs argue that the number of involved actions and the number of involved plaintiffs' counsel have increased significantly since *Lipitor I*, that many more cases will be filed, and that informal coordination and cooperation are no longer practicable. Pfizer, on other hand, argues that the number of case filings remains relatively low, and that creation of an MDL might delay the progress of the litigation, as well as lead to the filing of a large number of "non-viable" cases (*e.g.*, cases in which the subject plaintiffs already had diabetes before they began taking Lipitor). Upon reevaluation, we find that a number of factors now tip the balance in favor of centralization.

First, the number of involved actions, districts, and judges has grown considerably. The present motion encompasses 56 constituent actions and over 170 tag-alongs. These actions are pending in more than 40 districts before more than 100 different judges.

Second, the number of involved plaintiffs' firms has grown as well. In our judgment, the increased presence of apparently unique counsel, coupled with the increased number of involved actions, districts, and judges, makes it highly difficult, if not impossible, to coordinate this litigation effectively on an informal basis.

---

[2](...continued)
benefits of statins outweigh these small increased risks."

[3]   We note that our denial of centralization in *Lipitor I* did not foreclose the filing of this second motion for centralization. That earlier denial also does not preclude us from reaching a different result here. We will do so only rarely, however, where a significant change in circumstances has occurred. *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378 (J.P.M.L 2013).

- 3 -

Third, when we denied centralization in *Lipitor I*, we were not aware of any related state court Lipitor litigation. We now know that Lipitor diabetes lawsuits are pending in at least three state courts. Creation of an MDL likely will make it easier to coordinate, as needed, pretrial proceedings in both the state and federal cases, because there will now be just one judge handling the latter. *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2013) ("[C]reation of a Plavix MDL will not only result in the usual Section 1407 efficiencies, it also likely will facilitate coordination among all courts with Plavix cases, simply because there will now be only one federal judge handling most or all federal Plavix litigation.").

Fourth, and finally, we are not persuaded by Pfizer's argument that an MDL will prompt an avalanche of filings of "non-viable" Lipitor cases in an effort to coerce a settlement. To the extent that any of these actions (or any actions filed in the future) lack substantive merit, centralization will inure, in fact, to Pfizer's ultimate benefit. An MDL, after all, gathers all related federal actions before just one judge who, of necessity, acquires an unusually high degree of familiarity with not only the involved parties, counsel, and claims but also the litigation's underlying subject matter. As a result, that judge is uniquely well-positioned to recognize and dispose of spurious claims quickly. *See Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2006); *see also In re: Cook Med., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 949 F. Supp. 2d 1373, 1374-75 (J.P.M.L. 2013) (quoting *Seroquel* and rejecting defendants' argument that centralization would "encourage additional filings by plaintiffs").

Based on the foregoing, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual issues arising from common allegations that taking Lipitor can cause women to develop type 2 diabetes. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (in particular with respect to class certification and *Daubert* issues), and conserve the resources of the parties, their counsel and the judiciary.

III.

After weighing all factors, we have selected the District of South Carolina as transferee district for this litigation. That district is the first choice of most plaintiffs, and is also agreeable to Pfizer. Fourteen of the 56 constituent actions are pending there, as well as at least a dozen potential tag-alongs. The Honorable Richard M. Gergel, to whom we assign the MDL, is already presiding over all the South Carolina cases, and is handling them in a coordinated fashion. Judge Gergel has been on the federal bench for almost four years, and was in private practice for more than twenty years prior to that. We have every confidence that he will steer this litigation on a prudent course.

- 4 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

                                    PANEL ON MULTIDISTRICT LITIGATION

                                    John G. Heyburn II
                                    Chairman

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Sarah S. Vance | Ellen Segal Huvelle |

IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALESPRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)                    MDL No. 2502

## SCHEDULE A

<u>District of Arizona</u>

Michele E. Murphy v. Pfizer Inc., C.A. No. 2:13-01420

<u>Central District of California</u>

Feliza Diaz, et al. v. Pfizer Inc., et al., C.A. No. 2:13-06116
Mary Edmondson v. Pfizer Inc., et al., C.A. No. 5:13-01489
Aubrey Isom v. Pfizer Inc et al., C.A. No. 8:13-01250

<u>Eastern District of California</u>

Jennie Guillory, et al. v. Pfizer Inc., C.A. No. 1:13-01332
Kathleen Davis v. Pfizer Inc., C.A. No. 2:13-01724
Maria Rosa Padilla, et al. v. Pfizer Inc., C.A. No. 2:13-02016

<u>Middle District of Florida</u>

Carolynn Cornell v. Pfizer Inc., C.A. No. 6:13-01523
Shirley McCraw v. Pfizer Inc., C.A. No. 6:13-01545
Dolores Perrine v. Pfizer Inc., C.A. No. 8:13-02524

<u>Northern District of Illinois</u>

Joyce Pryor v. Pfizer Inc., C.A. No. 1:13-05252

<u>Southern District of Illinois</u>

Kimberly Hines v. Pfizer Inc., C.A. No. 3:13-00404
Carla Ehlers v. Pfizer Inc., C.A. No. 3:13-00468
Rhonda Conner v. Pfizer Inc., C.A. No. 3:13-00635

<u>Eastern District of Kentucky</u>

Joyce Holbrook, et al. v. Pfizer Inc., C.A. No. 0:13-00107

- A2 -

**MDL No. 2502 Schedule A (Continued)**

<u>Eastern District of Louisiana</u>

Faith Johnson v. Pfizer Inc., C.A. No. 2:13-05821
Jessie M. Lumar, et al. v. Pfizer, Inc., C.A. No. 2:13-05980
Dana Birden v. Pfizer Inc., C.A. No. 2:13-06074
Gladys R. Butler v. Pfizer Inc., C.A. No. 2:13-06075
Alberta Gremillion v. Pfizer Inc., C.A. No. 2:13-06076
Gwendolyn G. Lewis, et al. v. Pfizer Inc., C.A. No. 2:13-06079

<u>Middle District of Louisiana</u>

Dianne Christopher v. Pfizer Inc., C.A. No. 3:13-00306
Vera A. Smith v. Pfizer Inc., C.A. No. 3:13-00651
Gladys O. Board v. Pfizer Inc., C.A. No. 3:13-00661
Christine S. Morales v. Pfizer Inc., C.A. No. 3:13-00662

<u>Western District of Louisiana</u>

Debra Kay Durrett v. Pfizer Inc., C.A. No. 1:13-02825
Pamela Caston, et al. v. Pfizer Inc., C.A. No. 3:13-02762
Martha B. Peevy, et al. v. Pfizer Inc., C.A. No. 3:13-02827
Ethel G. Allen, et al. v. Pfizer Inc., C.A. No. 5:13-02824
Peggy L. McWherter v. Pfizer Inc., C.A. No. 5:13-02826
Alice F. Shivers, et al. v. Pfizer Inc., C.A. No. 5:13-02828

<u>Northern District of Mississippi</u>

Ruthie M. Calamese v. Pfizer Inc., C.A. No. 1:13-00134
Pearl Matthews v. Pfizer Inc., C.A. No. 4:13-00136

<u>Southern District of Mississippi</u>

Sandra Sanderson Havens v. Pfizer Inc., C.A. No. 1:13-00278
Ruby Miller v. Pfizer Inc., C.A. No. 1:13-00342

<u>Eastern District of Pennsylvania</u>

Kimberley Jefferson, et al. v. Pfizer Inc., C.A. No. 2:13-02262
Josette M. Olson, et al. v. Pfizer Inc., C.A. No. 2:13-04277
Doris Brown v. Pfizer Inc., C.A. No. 2:13-04951

- A3 -

**MDL No. 2502 Schedule A (Continued)**

    District of South Carolina

Bonnie C. Knight v. Pfizer Inc., C.A. No. 0:13-01375
Marquerite W. Jones v. Pfizer Inc., C.A. No. 1:13-01786
Evalina Smalls v. Pfizer Inc., C.A. No. 2:13-00796
Waltraud Gina Kane v. Pfizer Inc., C.A. No. 2:13-01012
Susan Marie Turner v. Pfizer Inc., C.A. No. 2:13-01108
Margaret A. Clark v. Pfizer Inc., C.A. No. 2:13-01164
Joyce Jones v. Pfizer Inc., C.A. No. 2:13-01785
Waltina W. Gadsden v. Pfizer Inc., C.A. No. 2:13-01921
Christine Papcun v. Pfizer Inc., C.A. No. 4:13-01422
Patricia Fernandez v. Pfizer Inc., C.A. No. 4:13-01423
Harriet L. McClam v. Pfizer Inc., C.A. No. 4:13-02148
Juanita Durocher v. Pfizer Inc., C.A. No. 7:13-01965
Brenda K. Williams v. Pfizer Inc., C.A. No. 8:13-01421
Janice C. Adams, et al. v. Pfizer Inc., C.A. No. 8:13-01735

    Eastern District of Tennessee

Jeannie Tipton v. Pfizer Inc., C.A. No. 2:13-00214

    Middle District of Tennessee

Earlene House v. Pfizer Inc., C.A. No. 3:13-01063

    Western District of Washington

Diane Strader v. Pfizer Inc., C.A. No. 3:13-05666

    Southern District of West Virginia

Betty Pauley v. Pfizer Inc., C.A. No. 2:13-17178